UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

RESORTS OF PINEHURST,
INCORPORATED, a North Carolina
corporation,

    *Plaintiff-Appellee,*

   v.

PINEHURST NATIONAL DEVELOPMENT
CORPORATION, a North Carolina
corporation; PINEHURST NATIONAL
CORPORATION, a North Carolina
corporation; PINEHURST NATIONAL
GOLF CLUB, INCORPORATED, a North
Carolina corporation,

    *Defendants-Appellants,*

   and

PINEHURST PLANTATION,
INCORPORATED, a North Carolina
corporation; U. S. GOLF PINEHURST
PLANTATION LIMITED, a Florida
limited partnership,

    *Defendants.*

No. 00-1004

Appeal from the United States District Court
for the Middle District of North Carolina, at Rockingham.
William L. Osteen, District Judge.
(CA-94-265-3)

Argued: September 27, 2000

Decided: October 30, 2000

Before WIDENER, WILKINS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Rodrick John Enns, William Merrill Bryner, KIL-PATRICK STOCKTON, L.L.P., Winston-Salem, North Carolina, for Appellants. James Donald Cowan, Jr., SMITH, HELMS, MULLISS & MOORE, L.L.P., Greensboro, North Carolina, for Appellee. **ON BRIEF:** Lisa Frye Garrison, SMITH, HELMS, MULLISS & MOORE, L.L.P., Greensboro, North Carolina; Stephen M. Trattner, TRATTNER & ASSOCIATES, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Pinehurst National Development Corporation, Pinehurst National Corporation, and Pinehurst National Golf Club, Incorporated (collectively, "National") appeal actions of the district court modifying a previously entered injunction, imposing sanctions, and awarding attorneys' fees to Resorts of Pinehurst, Incorporated (Resorts). We affirm.

### I.

Resorts operates a golf resort in Pinehurst, North Carolina. Among Resorts' courses is the famous "Pinehurst No. 2," on which the U.S. Open golf tournament was played in 1999. Resorts owns a federally registered service mark for PINEHURST with respect to golfing and related services. In 1987, National began development of a golf course and residential community it named "Pinehurst National."

In 1994, Resorts brought an action alleging, *inter alia*, that National's use of "Pinehurst" in its name infringed Resorts' trademark. On summary judgment the district court agreed, but declined to enter injunctive relief. On interlocutory appeal, this court affirmed the determination of trademark infringement and ordered immediate injunctive relief. *See Resorts of Pinehurst, Inc. v. Pinehurst Nat'l Corp.*, 148 F.3d 417, 421-23 (4th Cir. 1998). Thereafter, the district court entered a preliminary injunction and set the remaining claims for trial. Before trial, however, the parties entered a consent decree, thereby settling the case. As part of the consent decree, National agreed to be permanently bound by the preliminary injunction entered by the district court. As is particularly relevant to this appeal, the injunction prohibited National from using "Pinehurst" except in a geographic sense, and set forth three specific phrases that could be employed by National.

Following entry of the consent decree, National changed its name, amended signage on its property, and made other conforming changes. However, National also committed numerous violations of the injunction. Based upon these violations, Resorts moved for an order holding National in contempt and awarding sanctions. Resorts also moved for modification of the injunction. At a hearing on the motions, Ernest Davis, National's CEO, admitted to the violations, claiming that he had simply failed to pay adequate attention to the requirements of the injunction. The district court found National in contempt, ruling that there was "clear and convincing evidence" of National's "studied indifference" to its obligations under the injunction. J.A. 1110. The court imposed a sanction of $55,000 and subsequently awarded attorneys' fees of $51,000 to Resorts based upon a finding that National's actions were willful. The court also modified the injunction, limiting National's use of "Pinehurst" to its mailing address, and then only in a form prescribed by the court.

## II.

National now appeals, contending that the district court abused its discretion in modifying the injunction and that the court erred in imposing a sanction and awarding attorneys' fees. After careful consideration of the briefs and the applicable law, and having had the

benefit of oral argument, we conclude that the district court correctly resolved the issues before it. Accordingly, we affirm.

*AFFIRMED*